An appeal having been taken from the order made by me in this cause on October 16th, 1943, this memorandum is now prepared.
The complainant will be referred to herein as the trustee, and the defendant Union Cemetery Association will be herein referred to as the Cemetery Association.
On June 22d 1943, the trustee filed a petition in this cause praying for instructions respecting its duties under the final decree and amended final decree entered in 1929. (See opinion by Vice-Chancellor Backes, 102 N.J. Eq. 100, and 104 N.J. Eq. 326.) This was followed on July 16th, 1943, by a cross-petition by the Cemetery Association for instructions and relief. The hearing on both the petition and cross-petition was fixed for November 9th, 1943. That hearing has now been concluded after several days of oral testimony, and decision has been reserved pending the filing of briefs. *Page 263 
On July 27th, 1943, when argument on the orders to show cause issued on the petition and cross-petition was heard, I orally directed the Cemetery Association to pay to the trustee the current installment from the proceeds of the sale of lands, as required by the amended decree. On August 11th, 1943, before any formal order to that effect was made the Cemetery Association complied and paid to the trustee the sum of $8,743.43, which payment was accompanied by a letter from the solicitor of the Cemetery Association, which in part read as follows:
"In tendering these checks, I call your attention to the relief sought in our petition recently filed and now pending in the Court of Chancery in the above cause, wherein the Union Cemetery Association is seeking a refund from you for overpayments made on the decree. In view of the pendency of said proceedings, we urge that you do not distribute the moneys represented by the enclosed checks, since we will look to you to make good any refund that may be ordered by the court."
In the face of this letter, the trustee refused to distribute the payment among the certificate-holders, and thereupon counsel for several certificate-holders moved before me for an order directing the trustee to distribute the fund; and after hearing argument thereon, the order of October 16th was entered which directed the trustee to distribute the fund to the certificate-holders, with the condition that the trustee "may, upon making such payments, endorse such bonds or certificates with a statement that it is paid on account of principal and interest, as may be later determined in the proceedings now pending in this court." From that order the Cemetery Association has taken an appeal.
The order appealed from does not prejudice any of the ultimate rights of the Cemetery Association. In ordering the distribution of the fund with the condition attached thereto, it was my purpose to keep the decrees alive and to preserve the statusquo of the parties, pending decision and adjudication of the ultimate rights of the parties asserted in their respective petitions, the hearing on which petitions was fixed for November 9th. The trustee and the certificate-holders are before the court. If it be decided that the Cemetery *Page 264 
Association is entitled to the relief which it seeks by its cross-petition, the court has ample power to restore it to the position it would have occupied had the fund not been distributed.